UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| Bible & Gospel Trust, | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | No. 2:07-CV-17 |
| | : | |
| Timothy Twinam, | : | |
| Sallie Twinam, | : | |
| www.peebs.net, | : | |
|    Defendants. | : | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### (Paper 54, 91)

Defendant Timothy J. Twinam[1] has filed a special motion to strike the Complaint of Plaintiff Bible & Gospel Trust (the "Trust"). Twinam claims that the lawsuit violates Vt. Stat. Ann. tit. 12, § 1041 (Supp. 2007), which prohibits strategic lawsuits against public participation ("SLAPP").

## I. Background

The Exclusive Brethren is an international religious organization with membership in many countries, including Australia, New Zealand, the United Kingdom, and the United States. Timothy Twinam, a former member of the Exclusive

---

[1] On June 24, 2008, Defendant Sallie Twinam filed a motion to join Defendant Timothy Twinam's Special Motion to Strike. The motion to join is granted. This Report and Recommendation applies to both Timothy J. Twinam and Sallie Twinam.

Brethren, owns and maintains the website Peebs.net.  As owner, he published material from previous websites established by Richard Wyman, another former member of the Exclusive Brethren.  Wyman's websites contained material offensive to the Exclusive Brethren, and in a subsequent lawsuit for defamation, copyright infringement, and business interference, Wyman agreed to transfer his interest in the websites along with any content to the Trust and the Exclusive Brethren.  (Paper 78, Aff. Of Timothy Twinam Attachment A.)

Twinam allegedly reproduced copyrighted materials originally posted on Wyman's website.  The Trust claims that Twinam threatened to post other materials from Wyman's former websites.  On January 25, 2007, the Trust filed suit for conversion, tortious interference with a contractual relationship between Richard Wyman and the Trust, and violation of the Copyright Act.  17 U.S.C. § 101 et. seq.

On March 6, 2008, Twinam filed a special motion to strike and to dismiss the state law claims of tortious interference with a contractual relationship and conversion, claiming the Trust's action violates the SLAPP suit provisions of Vt. Stat. Ann. tit. 12, § 1041.  While 1041(b)

requires filing the motion within 60 days of filing the complaint, this Court found good cause for the delay due to Twinam's initial pro se appearance.[2]  The Trust claims that the Vermont anti-SLAPP statute should not apply in federal court because it is procedural, not substantive.

## II. Discussion

Vermont's anti-SLAPP statute protects defendant's right to freedom of speech and freedom to petition.  It reads in pertinent part:

> A defendant in an action arising from the defendant's exercise, in connection with a public issue, of the right to freedom of speech or to petition the government for redress of grievances under the United States or Vermont Constitution may file a special motion to strike under this section."

Vt. Stat. Ann. tit. 12, § 1041(a) (Supp. 2007).  Anti-SLAPP statutes allow defendants to seek dismissal of meritless lawsuits by powerful plaintiffs who seek to impose legal bills on defendants to discourage the exercise of constitutional rights.  North American Expositions Company Ltd. Partnership v. Corcoran, 874 N.E.2d 466, 472-473 (Mass. App. Ct. 2007).  Twinam claims the Trust's suit is designed

---

[2]Twinam is now represented by counsel.

to shut down peebs.net and prevent criticism of the Exclusive Brethren.

## 1. Applicability in Federal Court

Vermont courts and the Second Circuit have not ruled on whether an anti-SLAPP statute can be used in federal court. The Trust urges the Court to deny the use of the Vermont anti-SLAPP statute in federal court because it is a procedural remedy in conflict with the Federal Rules of Civil Procedure.  Twinam argues that the Vermont anti-SLAPP statute is substantive and not in conflict with the Federal Rules.

The Vermont anti-SLAPP statute is similar to the anti-SLAPP statutes in California and Massachusetts.  The California anti-SLAPP statute allows a defendant to file a special motion to strike if the plaintiff's claim arises from the defendant's exercise, in connection with a public issue, of the right to freedom of speech or to petition the government for redress of grievances.  Cal. Civ. Proc. Code § 425.16(b)(1) (West 2008).  The Ninth Circuit has held that Section 425.16(b)(1) does not constitute a "direct collision" with the Federal Rules as there is "no indication that [Federal] Rules 8, 12, or 56 were intended to occupy

4

the field with respect to pretrial procedures aimed at weeding out meritless claims." United States v. Lockheed Missiles & Space Company, Inc., 190 F.3d 963, 972 (9th Cir. 1999). Absent a "direct collision" between the state and Federal Rules of Civil Procedure, the court must engage in a balancing test as directed in Hanna v. Plumer, 380 U.S. 460 (1965). Id. at 973. Under Hanna, (1) allowing the anti-SLAPP statute would discourage forum shopping as plaintiffs would "shop" for a federal forum to avoid the California law, and (2) California defendants would be at a disadvantage against out-of-state plaintiffs because they would lose the protections of the anti-SLAPP statute. Id. at 972. The Ninth Circuit determined that while there was no federal interest undermined by the anti-SLAPP statute, California articulated an important, substantive state interest furthered by the anti-SLAPP statute.[3] Because there was no direct collision and the state interests outweighed any federal interests, the Ninth Circuit applied the anti-SLAPP statute.

---

[3] The California legislature found that there was "a disturbing increase in lawsuits brought to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Civ. Proc. Code § 425.16(a) (West 2008). The legislature declared that "it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process." Id.

While the Trust argues that section 1041 directly conflicts with the liberal pleading standards of the Federal Rules, it fails to articulate the basis for the conflict. The Trust misreads <u>Baker v. Coxe</u>, 940 F. Supp. 409, 417 (D. Mass. 1996), when it argues that the court ruled that an anti-SLAPP statute could not apply in federal court.  The district court held only that the hybrid statutory procedure could not be used over the standards governing a Fed. R. Civ. P. 12(b)(6) motion to dismiss.  <u>Id.</u>  Further, the court noted that "the ten individuals who actually petitioned under Fail-Safe are certainly entitled to the protection of the anti-SLAPP provisions."  <u>Id.</u>

Both California and Massachusetts have the same burden shifting, placing the burden on the nonmoving party.  The Ninth Circuit had previously found that such burden shifting was not in direct conflict with the Federal Rules.  <u>See Lockheed Missiles & Space Company, Inc.</u>, 190 F.3d at 971. While Fed. R. Civ. P. 12 and 56 allow for dismissal of a case, the Vermont anti-SLAPP statute confers one additional method to supplement Fed. R. Civ. P. 12 and 56.  Further, the Vermont anti-SLAPP statute serves the same purpose as the California anti-SLAPP statute: preventing meritless

suits from stifling constitutional rights.[4]  There is no
identified federal interest that would be hindered by ruling
the Vermont anti-SLAPP statute is available in federal
court.  Considering the two-part <u>Hanna v. Plumer</u> test, the
Vermont anti-SLAPP statute passes muster for the same reason
as the California anti-SLAPP statute.  Because there is no
direct conflict between the Vermont anti-SLAPP statute and
the Federal Rules, and because the state interest outweighs
any federal interest, the Vermont anti-SLAPP statute should
apply in federal courts.

2.  **Vermont should follow the Massachusetts anti-SLAPP**
    **statute.**

While the Vermont anti-SLAPP statute does not directly
conflict with the Federal Rules, the hybrid test does
directly conflict and should not be used.  The California
anti-SLAPP statute does not have the hybrid analysis that
the Massachusetts anti-SLAPP statute has.  Rather, a
plaintiff in California has to establish only that there is
a probability that he will prevail on the claim.  Cal. Civ.

---

[4] Like the California legislature, the Vermont legislature found that
there was "a disturbing increase in lawsuits brought primarily to chill
the valid exercise of the constitutional rights of freedom of speech and
petition for the redress of grievances."  Lawsuits Arising from Exercise
of Right to Freedom of Speech or to Petition Government for Redress of
Grievances, 2006 Vt. Laws P.A. 134 (Vt. 2006).  The legislature declared
"[i]t is in the public interest to encourage continued participation in
matters of public significance, and this participation should not be
chilled through abuse of the judicial process."  <u>Id.</u>

Proc. Code § 425.16(b)(1) (West 2008).  This is similar to
the standard under Fed. R. Civ. P. 12(b)(6).  See E & L
Consulting, Ltd. v. Doman Industries Limited, 472 F.3d 23,
27 (2$^d$ Cir. 2006) ("Dismissal is appropriate only where the
plaintiffs can prove no set of facts consistent with their
complaint that would entitle them to relief.").  Vermont
requires a plaintiff to show actual injury and that the
defendant's exercise of his rights was devoid of factual or
legal basis.  § 1041(e).  The California statute and the
Vermont statute do not share the same standard, so Vermont
should follow the Massachusetts standard.

Vermont should also use the motion to dismiss standard
as Massachusetts has done.  The Massachusetts anti-SLAPP
statute uses the same standard as the Vermont anti-SLAPP
statute.[5]  The Massachusetts federal courts have disagreed
with the hybrid approach and instead have used the motion to
dismiss standard because the statute's standard directly
conflicted with Fed. R. Civ. P. 12(b)(6) and 56.  Baker, 940

---

[5] Compare 12 V.S.A. § 1041(e) ("[C]ourt shall grant the special motion to
strike, unless the plaintiff shows that: (A) the defendant's exercise of
his or her right to freedom of speech and to petition was devoid of any
reasonable factual support and any arguable basis in law; and (2) the
defendant's acts caused actual injury to plaintiff); with Mass Gen. Laws
ch. 231 § 59H ("[C]ourt shall grant such special motion, unless the
party against whom such special motion is made shows that: (1) the
moving party's exercise of its right to petition was devoid of any
reasonable factual support and any arguable basis in law and (2) the
moving party's acts caused actual injury to the responding party.").

8

F. Supp. at 417.   Similarly, the Vermont anti-SLAPP statute conflicts with the standard for a motion to dismiss. Because the standards for anti-SLAPP suits are similar, the court should follow the Massachusetts approach and use the standard for a Federal Rule 12(b)(6) motion to dismiss.

## 3.   Motion to Strike

Accepting all claims in the complaint as true, <u>Decider v. National Assen of Sec. Dealers, Inc.</u>, 191 F.3d 198, 202 (2d Cir.1999), Twinam fails to establish that the Trust's action "arises from" his operation of the website.   A defendant must make a prima facie showing that the lawsuit arises from his exercise of his freedom of speech.   § 1041(a) (Supp. 2007); <u>see Office One, Inc. v. Lopez</u>, 437 Mass. 113, 122, 769 N.E.2d 749, 757 (Mass. 2002); <u>see also Batzel v. Smith</u>, 333 F.3d 1018, 1024 (9th Cir. 2003).   In <u>Navellier v. Sletten</u>, the defendant proved his prima facie case by showing that the plaintiff's lawsuit was filed in retaliation for counterclaims in another proceeding because the lawsuit arose from a "writing made in connection with an issue under consideration or review by a . . . judicial body."   29 Cal.4th 82, 89-90, 52 P.3d 703, 709 (Cal. 2002).

In this case the Complaint is narrowly tailored to claims of copyright infringement that is not subject to freedom of speech protection.  Twinam claims that peebs.net reunites ex-Exclusive Brethren members for support and their families.  To bolster his proposition that information about the Exclusive Brethren constitutes a public issue, Twinam cites six pages of articles concerning the Exclusive Brethren, including stories of potential sex abuse cover-ups, election involvement in Australia and New Zealand, and creation of schools exclusively for Exclusive Brethren children.  While speaking out against the Exclusive Brethren may constitute a public issue, there is no showing that the Trust's suit "arises from" Twinam's speaking out against the Exclusive Brethren.  The lawsuit is narrowly tailored to seek damages for reproduction of copyrighted materials.

Even assuming he has provided enough evidence to show a prima facie case, and even under the heightened standard under § 1041(e), Twinam's motion be denied.  Under § 1041(e), the burden shifts to the plaintiff under a special motion to strike, and the plaintiff must show (a) the defendant's exercise of his right to freedom of speech is devoid of any reasonable factual support and any arguable

basis in law, and (b) the defendant's acts caused an actual injury.  In Baker v. Parsons, defendant mailed a letter to an environmental reviewer with remarks that the plaintiff was not treating plaintiff's land properly.  434 Mass. 543, 545-546, 750 N.E.2d 953, 956 (Mass. 2001).  When plaintiff brought suit, defendant's motion to dismiss was granted because plaintiff was unable to show that the defendant had no reason to believe the activity arose from the petition. Id.  Here, the lawsuit does not directly arise from an activity relating to free speech, as there is no free speech protection for using copyright materials.  Twinam believes he did nothing wrong, but he admits knowing that the settlement agreement transferred all website materials to the Trust.  If Twinam did publish copyrighted material, or if he did interfere with a contractual relationship, there would be no free speech protection.  Twinam's exercise of his freedom of speech was devoid of any reasonable factual support and any arguable basis of law.

In addition, there has been actual injury.  In Religious Technology Center v. Lerma, 1996 WL 633131, 15 (E.D. Va. 1997) (unpublished), the court awarded $2,500 because the court found only five counts of infringement,

11

the defendant was under financial hardship, and plaintiff agreed to seek only the minimum penalty.   However, the court still found actual injury.   Id.   Here, there would similarly be actual injury as the Trust would lose the ability to withhold publication of documents.   Even though Twinam did not profit, the Trust has suffered harm similar to that of the Scientologists in Religious Technology Center, who could not protect certain secret documents.

**4.   Stay in Discovery.**

Section 1041(c)(1) requires a court to stay all discovery until the court rules on the Special Motion to Strike.   Discovery shall proceed when a final order on the motion to strike is entered.

## III. Conclusion

I recommend that Defendant Timothy J. Twinam's Special Motion to Strike be DENIED.

Dated at Burlington, in the District of Vermont, this 18th day of July, 2008.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

ny party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order.  <u>See</u> Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).