```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT

BIBLE & GOSPEL TRUST,              :
        Plaintiff,                 :
                                   :
              v.                   :    File No. 1:07-cv-17
                                   :
TIMOTHY J. TWINAM,                 :
www.peebs.net,                     :
SALLIE TWINAM,                     :
        Defendants.                :
_____:
```

## RULING ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 92)

Plaintiff, Bible & Gospel Trust ("BGT"), brought suit against Defendants Timothy J. Twinam and Sallie Twinam for conversion, tortious interference with a contractual relationship and violations of the Copyright Act stemming from Timothy J. Twinam's ("Twinam") posting of allegedly copyrighted material to his website. The case is currently before the Court on Twinam's special motion to strike Plaintiff's complaint under Vermont's anti-SLAPP statute, 12 V.S.A. § 1041.

Judge Niedermeier's Report and Recommendation ("R&R") filed July 18, 2008 recommends this Court deny Twinam's motion. (Paper 92.) The Court has reviewed the R&R and the parties' objections (Papers 94, 96, 99 and 101) and considered de novo those portions of the R&R to which objections pertain. See Fed. R. Civ. P. 72(b).

BGT objects to the R&R on procedural grounds. BGT argues Judge Niedermeier's R&R should be the ruling of the Court because the case was directly assigned to him under 28 U.S.C. 636(c). The Court disagrees. Judge Niedermeier correctly issued a §636(b) Report and Recommendation instead of a § 636(c) Order on July 18, 2008 because not all parties consented to full § 636(c) authority under 28 U.S.C. § 636, Federal Rules of Civil Procedure 72(b) & 73(a), and Local Rule 73.1. Whether parties subsequently consented is irrelevant. The Report and Recommendation was properly issued and is subject to timely objection and review by the Judge of this Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rule 73.1(e).

The Court agrees with the Magistrate Judge that Vermont's anti-SLAPP statute, 12 V.S.A. § 1041, does not directly conflict with the Federal Rules of Civil Procedure. 12 V.S.A. § 1041 therefore applies in this diversity action. The Court disagrees, however, that it should treat Defendant's Special Motion to Strike as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Section 1041(c)(2) allows the Court to order limited discovery and § 1041(d) requires a hearing on the issues set out in subsections (e)(1)(A) and (B). Section 1041 also requires the Court to consider the pleadings and supporting and opposing affidavits. § 1041(e)(2). This procedure is more analogous to a motion for summary judgment. Therefore, the Court

2

will apply Vermont's anti-SLAPP statute under Federal Rule of Civil Procedure 56.

Accordingly, the parties may engage in limited discovery for thirty (30) days from the date of this ruling, on the issues set forth in 12 V.S.A. § 1041(a) and (e)(1)(A) and (B). Any additional memoranda or affidavits shall be filed on or before January 26, 2009. A hearing limited to the consideration of the pleadings and any supporting or opposing affidavits will take place Thursday, February 12, 2009, at 10:00 a.m. at the U.S. District Court in Brattleboro, Vermont.

The Court therefore AFFIRMS, APPROVES and ADOPTS the Magistrate Judge's Report and Recommendation with respect to the applicability of 12 V.S.A. § 1041 in this case, but REJECTS and MODIFIES the Report with respect to the applicable standard, see 28 U.S.C. 636(b)(1). The Court will use the summary judgment standard in considering questions arising under 12 V.S.A. § 1041.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 12th day of December, 2008.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge